UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| GREGORY KONRATH, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO.: 3:17-CV-50-TLS |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**OPINION AND ORDER**

Gregory Konrath, a pro se prisoner, filed a habeas corpus petition [ECF No. 1] in the United States District Court for the Southern District of Indiana on January 10, 2017, which was transferred here. In his petition, Konrath challenges the prison disciplinary hearing (WCC 16-12-175) where a disciplinary hearing officer at the Westville Correctional Facility found him guilty of Impairment of Surveillance in violation of B-209. This is not the first time that Konrath has brought a habeas corpus petition challenging that hearing; it is the third. He first challenged it in *Konrath v. Superintendent*, 3:16-CV-878 (N.D. Ind. filed December 16, 2016), where the court dismissed the petition because he had not exhausted his administrative appeals. He again challenged it in *Konrath v. Superintendent*, 3:17-CV-18 (N.D. Ind. filed January 3, 2017), where the court dismissed the petition as being procedurally defaulted.

As such, this is an unauthorized successive petition over which this court has no jurisdiction. *See* 28 U.S.C. § 2244(b)(3)(A). "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)

(emphasis in original). Here, Konrath has not obtained authorization from the Seventh Circuit to file a successive petition. Thus, this petition must be dismissed.

As a final note, even if this court had jurisdiction over the petition, it would be denied as a malicious duplicate. Konrath signed the habeas petition in this case on the same date and time as he signed the one in Case No. 3:17-CV-18. Essentially, Konrath filled out two habeas petitions challenging the same disciplinary hearing and sent one to the Southern District of Indiana and one to the Northern District of Indiana. Based on his prior filings in this court, he knows that it is malicious to file duplicative cases. He knew it before he signed this habeas petition on December 22, 2016, because he was informed of that on October 25, 2016. *See e.g., Konrath v. Hughes*, Case No. 3:16-CV-712 (N.D. Ind. filed Oct. 17, 2016), order issued October 25, 2016. As he has been told, there is simply no legitimate reason to pursue two identical habeas petitions. And, to do so in two separate courts is an abuse of the judicial process.

Konrath is an abusive litigator and has become restricted from filing any civil cases other than habeas corpus. *See Konrath v. Unity Healthcare, LLC*, 3:17-CV-009 (N.D. Ind. filed January 4, 2017). He has also been cautioned that persisting to abuse the judicial process in habeas corpus cases may lead to him being restricted from filing those, too. *Konrath v. Superintendent*, Case No. 3:16-CV-879 (N.D. Ind. filed Dec. 16, 2016 ), order issued January 4, 2017; *Konrath v. Superintendent*, Case No. 3:17-CV-20 (N.D. Ind. filed Jan. 5, 2017), order issued January 9, 2017. The current duplicative habeas petition is the type of abusive filing that Konrath has been warned to stop filing. However, because he had not received those cautionary orders before he mailed this petition, he will not be restricted from filing habeas corpus cases at this time. But, he is again **CAUTIONED** that if continues to file meritless habeas corpus petitions, he may be fined, sanctioned, or restricted from filing any habeas corpus case other than

the one challenging his criminal conviction. *See Montgomery v. Davis*, 362 F.3d 956, 958 (7th Cir. 2004).

For these reasons, the successive habeas petition is **DISMISSED** for want of jurisdiction and Gregory Konrath is **CAUTIONED** that if he persists filing meritless habeas corpus petitions, he may be subject to further fines, sanctions, or restrictions.

SO ORDERED on January 24, 2017.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION